**Sandy WEINRAUCH and Robert Cohen, Plaintiffs-Appellants,**

v.

**PARK CITY, a City chartered under the laws of the State of Utah, Officer John Newland, in his individual capacity and in his capacity as a Park City Police Officer, Officer Benzon, in his individual capacity and in his capacity as a Park City Police Officer, and Mike Speers, in his individual capacity and in his capacity as Agent for Park City, Defendants-Appellees.**

**No. 82–1384.**

United States Court of Appeals, Tenth Circuit.

Dec. 28, 1984.

Brian M. Barnard, Salt Lake City, Utah (John W. Porter, Salt Lake City, Utah, with him on the brief), for plaintiffs-appellants.

Craig S. Cook, Salt Lake City, Utah (Max D. Wheeler of Snow, Christensen & Martineau, Salt Lake City, Utah, with him on the brief), for defendants-appellees.

Before BARRETT, BREITENSTEIN and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

Sandy Weinrauch and Robert Cohen brought this action under 42 U.S.C. § 1983 (1982) against Park City, Utah, two of its police officers, and Mike Speers. The district court granted summary judgment for defendants. Plaintiffs appeal and we affirm.

The essential facts are undisputed. Weinrauch and Cohen drove from Salt Lake City to Park City for a day of skiing. They parked Weinrauch's car illegally. Responding to a bus driver's complaint, Officer John Newland cited Weinrauch's vehicle for obstructing traffic and had Speers impound the car and tow it away. Speers ran a towing service and had agreed with the City to impound cars upon City request and to tow them to a lot. Seven other cars were ticketed that day, and six were towed.

When plaintiffs returned from skiing they discovered the car missing. Weinrauch called the police to report it stolen. The dispatcher told her that the car had been impounded and Weinrauch asked to meet with Newland. Newland told Weinrauch that she could recover her car by paying Speers a twenty dollar towing fee and five dollar bail on the ticket.

Plaintiffs went to the impound lot, found no one there in the attendant's office, loaded their ski equipment on the car, and drove away. Shortly thereafter, the auto was reported stolen and a stolen car message went out on the police radio describing the vehicle and the location from which it was taken. Officers Newland and Ray Benzon responded to the call and began pursuing the car, coordinating their efforts by radio. Speers also heard the police re-

port on his police scanner. He concluded that the car was from the impound lot and began to pursue it himself to recover his towing fee. He did not communicate with the police officers and they were unaware of his efforts until they saw his tow truck and the Weinrauch auto on the highway.

Speers drew along beside Weinrauch's car several times on the road, waving at plaintiffs in an attempt to have them pull over. After Newland approached Weinrauch's car with his lights and siren in operation, plaintiffs pulled over and stopped. Speers parked his tow truck in front of the car and shortly thereafter Benzon arrived.

The parties agree that the roadside discussion was heated. Newland recognized Weinrauch as the owner of the car and realized that the car had not been stolen. Cohen identified himself as a lawyer and stated his belief that the impoundment procedure was illegal. Speers insisted that he would tow the car back to Park City unless plaintiffs paid the twenty-five dollars, and Newland told plaintiffs he thought Speers would be within his rights in doing so. Benzon agreed. Plaintiffs paid Speers the fee and the bail, received a receipt, and everyone drove off. The incident lasted five or ten minutes. At a subsequent hearing Weinrauch was found guilty of the parking violation.

In the complaint, Weinrauch alleges that the impoundment procedure denied her due process because she was not given a hearing before she was required to either pay the towing fee or leave the car impounded.[1] Both plaintiffs claim that they were denied due process because Newland and Benzon abused their authority during the roadside incident and because Speers allegedly committed an assault upon them.

The district court concluded that the constitutional claims premised on the deprivation of Weinrauch's automobile without a hearing were too insubstantial to be cognizable under section 1983 because "[t]he

relief which could have been obtained at such a hearing was in fact obtained by self help prior to any substantial injury allegedly incurred by the plaintiffs." Rec., vol. I, at 122. The court further concluded that Speers was not acting under color of law within the meaning of section 1983 when he pursued plaintiffs down the highway and obtained the twenty-five dollars.

■ On appeal, plaintiffs renew their argument that Weinrauch was deprived of her property without due process because she was required to pay the towing fee and bail before she was afforded a hearing, citing as support *Stypmann v. City and County of San Francisco*, 557 F.2d 1338 (9th Cir.1977). Weinrauch misperceives both the facts and the holding of that case. In *Stypmann* the impoundment procedure was held unconstitutional because *no* hearing was provided at which the validity of the seizure and detention could be determined, either before or after impoundment. Subsequently the statute at issue there was amended to provide a post-seizure hearing within forty-eight hours of request. In *Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320 (9th Cir.1982), the Ninth Circuit upheld the constitutionality of this post-seizure hearing. The court rejected the plaintiff's argument that he was deprived of his property without due process when the towing company refused to return his car unless he paid the towing charge, the same argument put forth by Weinrauch here. The court pointed out that

"[w]ere we to require immediate release on demand, as proposed by Goichman, we would jeopardize the government's 'considerable interest in imposing the cost of removal upon the vehicle owner and retaining possession of the vehicle as security for payment,' an interest not at stake in *Stypmann*. Release-on-demand effectively requires the city either to provide on-the-spot hearings or to secure the cost of towage itself. Either option

---

1. Weinrauch also alleged that the procedure denied her equal protection by discriminating in favor of local residents, and denied her due

process by not providing an opportunity to post a bond instead of paying the towing fee. She does not pursue these allegations on appeal.

would prove burdensome and expensive. Alternatively, the city could provide its own towing service, also an expensive option, or leave vehicles where they are illegally and often unsafely parked. Neither of these options is satisfactory. We conclude that the government's interest in efficient and inexpensive towage of illegally parked automobiles is sufficient to outweigh the private interest in return-on-demand."

*Id.* at 1324 (quoting *Stypmann*, 557 F.2d at 1343). *See also Cokinos v. District of Columbia*, 728 F.2d 502 (D.C.Cir.1983). We agree and conclude that the City need not provide a hearing before requiring that the owner of an impounded vehicle pay the fees to recover the car.[2]

Weinrauch also asserts that the post-impoundment hearing procedure provided by the City is inadequate. The record indicates that the validity of a parking citation may be challenged at a hearing before a Justice of the Peace. Notice of this fact is provided on the ticket, along with the information that one can appear before the Justice of the Peace on either Tuesdays or Thursdays between 10:00 a.m. and 4:00 p.m. If the challenge is successful, the towing fee and the bail are returned. It is undisputed that in addition to the hearings on Tuesdays and Thursdays, the Justice of the Peace also provides informal hearings on demand at which he allows vehicle owners to take their cars without paying the fees upon a showing of hardship. These procedures are not set out in the city ordinances, and plaintiffs argue that they are too informal to be constitutional. They also argue they were never notified they could obtain a hearing to protest the validity of bail and towing charges.

■ Because of Weinrauch's improper resort to self-help, we need not determine whether the procedure offered by the city is constitutionally permissible. Weinrauch would have been informed of her right to a

hearing by the ticket. *See Cokinos*, 728 F.2d at 503. The ticket and the impound papers were left with the attendant at the impound lot in accordance with the usual routine. Weinrauch failed to get the ticket because she improperly took her car from the lot in the attendant's absence. Having ignored the available procedures, she is in no position to argue that they are unconstitutional. *See Walker v. City of Birmingham*, 388 U.S. 307, 318–19, 87 S.Ct. 1824, 1830–31, 18 L.Ed.2d 1210 (1967); *Kukatush Mining Corp. v. SEC*, 309 F.2d 647, 651 (D.C.Cir.1962).

■ Nor do we find merit in plaintiffs' contention that Speers and the City are liable under section 1983 for Speers' actions after he heard the stolen car report. Section 1983 imposes liability for conduct occurring under color of state law. The Supreme Court recently addressed the analytical framework for determining the presence of acts within the scope of section 1983 in *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2754, 73 L.Ed.2d 482 (1982).

"First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible .... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor."

*Id.*

The first prong of the above test requires that the alleged deprivation be attributable to or result from a governmental decision. *Gilmore v. Salt Lake Community Action Program*, 710 F.2d 632, 638 (10th Cir.1983). It is clear that Speers was acting for the state when he initially towed the car. *Coleman v. Turpen*, 697 F.2d 1341, 1345 (10th Cir.1983). However, the evidence is undisputed that Speers was not performing City towing services when he tried to stop Weinrauch's car and that the

---

**2.** Our conclusion that return of an impounded car may be conditioned upon the payment of the towing fee without a hearing disposes of Weinrauch's claim that Officers Newland and

Benzon abused their authority by agreeing on the highway that Speers could tow the car back to Park City if the fee was not paid.

police had not requested or authorized his assistance. Plaintiffs failed to make any showing that Speers' authorization to collect the five dollar bail for the City extended to include the conduct complained of. Therefore, Speers' actions do not give rise to a claim for relief under section 1983.

Summary judgment was properly entered for defendants. Accordingly, we affirm.