972 F.2d 356
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Vernon O. HOLLAND, Plaintiff-Appellant-Cross-Appellee,
v.
CITY OF BROKEN ARROW, Defendant-Appellee-Cross-Appellant,
Danny Clymer, in his capacity as a police officer for the
City of Broken Arrow, and individually; Robert Perugino, in
his capacity as Assistant City Attorney for the City of
Broken Arrow, and individually; Nick Hood, Jr., in his
capacity as Mayor of the City of Broken Arrow, and
individually; Charles Williams, doing business as Williams
Wrecker Service, as agent for the City of Broken Arrow, and
individually, Defendants-Appellees,
and
Chuck Day, in his capacity as a police officer for the City
of Broken Arrow, and individually; M. Martin, in his
capacity as a police officer for the City of Broken Arrow,
and individually, Defendants.
 Nos. 91-5027, 91-5028.
 United States Court of Appeals, Tenth Circuit.
 Aug. 5, 1992.
 
 Before LOGAN and EBEL, Circuit Judges, and SAFFELS,* Senior District Judge.
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff brought this civil rights action to obtain redress for the towing, retention, and eventual sale of his 1979 GMC van allegedly without due process of law. The van was cited for violation of Broken Arrow City Ordinance section 23-146, which authorizes the removal and impoundment of vehicles parked in excess of applicable time limits, but does not provide for notice and a hearing to enable the owner to contest the impoundment and, if successful, to recover the vehicle and any expenses incurred. Following an interim appeal, wherein we held Plaintiff had asserted a cognizable federal claim, see Order and Judgment filed July 11, 1990 (Appeal No. 89-5092), the case was tried to a jury. At the close of the evidence, the district court directed a verdict for Plaintiff on liability for denial of procedural due process. However, the jury awarded $0 in compensatory damages, evidently concluding that the actions taken with respect to the van would have been upheld had Plaintiff been permitted a hearing to test their substantive validity. See Carey v. Piphus, 435 U.S. 247, 266-67 (1978). Plaintiff appealed (No. 91-5027) the resultant judgment for $1 in nominal damages, and Defendant City of Broken Arrow cross appealed (No. 91-5028) the directed verdict. Upon review of the issues raised by both appeals, discussed in turn below, we conclude the parties have not demonstrated any reversible error and, accordingly, affirm.
 
 Appeal No. 91-5027
 
 3
 Plaintiff opens his appeal with a challenge to the impartiality of the trial judge under 28 U.S.C. § 455, based primarily on a background "narrative" about the case delivered from the bench and outside the presence of the jury "for the purpose of the record ... in an effort to try to place this matter in perspective." Aplt.App. at 35. A request for recusal under § 455 must be timely asserted, Willner v. University of Kan., 848 F.2d 1023, 1028 (10th Cir.1988), cert. denied, 488 U.S. 1031 (1989); Jackson v. Fort Stanton Hosp. & Training Sch., 757 F.Supp. 1231, 1243 (D.N.M.1990), and this one, withheld when the comments were made just before the jury's deliberations, and now pressed for the first time on appeal from its unfavorable verdict, is untimely. See, e.g., Willner, 848 F.2d at 1028-29 (motion for recusal untimely when not filed promptly after alleged bias revealed); Singer v. Wadman, 745 F.2d 606, 608 (10th Cir.1984) (motion for recusal untimely where objecting party delayed filing while interlocutory matters were (adversely) ruled upon), cert. denied, 470 U.S. 1028 (1985). Furthermore, we have reviewed the pertinent transcript and conclude that disturbance of the judgment on this ground is unwarranted in any event.
 
 
 4
 Next, Plaintiff asserts the district court erred in failing to recognize his substantive due process claim. Specifically, Plaintiff argues the sale of his van transformed a temporary loss into a permanent deprivation, thereby giving rise to a substantive due process claim unimpaired by the propriety of the vehicle's impoundment. This conclusion, Plaintiff insists, is compelled by the "ratio decidendi enunciated by the Tenth Circuit in Coleman [v. Turpen, 697 F.2d 1341, 1345 (10th Cir.1982) ] and by the [federal district court for Wyoming in] Katona [v. City of Cheyenne, 686 F.Supp. 287 (D.Wyo.1988) ]." Brief of Aplt. at 19. Actually, the cited cases do not discuss substantive due process. Rather, they recognize that an act which transforms a temporary seizure into a permanent one is itself a constitutionally cognizable taking that must be accompanied by adequate procedural safeguards. See Coleman, 697 F.2d at 1345; Katona, 686 F.Supp. at 294-95. Substantive due process, in contrast, "imposes limits on what a state may do regardless of what procedural protection is provided." Pittsley v. Warish, 927 F.2d 3, 6 (1st Cir.), cert. denied, 112 S.Ct. 226 (1991); see Daniels v. Williams, 474 U.S. 327, 331 (1986); see, e.g., Mangels v. Pena, 789 F.2d 836, 839 (10th Cir.1986) (substantive due process prohibits state's intrusion into "fundamental aspects of personal privacy" (citing Roe v. Wade, 410 U.S. 113, 152 (1973)). Whatever the merits of Plaintiff's procedural due process claim, we consider it beyond cavil that a municipality does not exceed its permissible substantive powers by removing, retaining, and disposing of motor vehicles in the present context.
 
 
 5
 Plaintiff also contends the district court erred by permitting the jury to assess the legality of the tow in hindsight under uncited ordinance sections and statutes he may have violated in addition to section 23-146. While "it is an elementary maxim that a search, seizure or arrest cannot be retroactively justified by what is uncovered [,]" United States v. Como, 340 F.2d 891, 893 (2d Cir.1965) (emphasis added); see United States v. Jacobsen, 466 U.S. 109, 114 & n. 9 (1984) (citing numerous cases), it is also generally recognized that contemporaneous illegal activity related to the asserted basis for an arrest or seizure may subsequently be relied upon to justify such action even if not expressly invoked at the time, see, e.g., United States v. Prouse, 945 F.2d 1017, 1023-24 (8th Cir.1991); Gassner v. City of Garland, 864 F.2d 394, 398 (5th Cir.1989); United States ex rel. LaBelle v. Lavallee, 517 F.2d 750, 754-55 (2d Cir.1975), cert. denied, 423 U.S. 1062 (1976); United States v. Dunavan, 485 F.2d 201, 205 (6th Cir.1973). Plaintiff's position stands opposed to this ample body of case law without any supporting authority of its own.[1]
 
 
 6
 Finally, Plaintiff argues that the district court erred in failing to submit to the jury through appropriate instruction the factual questions of whether his van was held as evidence following its initial impoundment, and whether he attempted to recover the van by making a tender of payment that was rejected by Defendants. However, Plaintiff has failed to provide us with a record sufficient to enable proper review of these matters. When jury instructions are challenged on appeal, this court's task does not consist in determining the merits or flaws of particular instructions in isolation, but requires an assessment of the entire charge to determine whether, as a whole, it gave the jury an adequate understanding of the issues. Street v. Parham, 929 F.2d 537, 539 (10th Cir.1991). "We find reversible error in a trial court's jury instructions only if we have substantial doubt that the instructions, taken together, properly guided the jury in its deliberations." Slane v. Jerry Scott Drilling Co., 918 F.2d 123, 126 (10th Cir.1990). Such review has been precluded in this case by submission of a record containing only three items from the whole charge, see Aplt.App. at 78-80, none of which have anything to do with the issues in question. Where, as here, inadequacy of the record submitted by a party precludes proper evaluation of his claim of error, review should be declined and the district court affirmed on the point.[2] See, e.g., Turnbull v. Wilcken, 893 F.2d 256, 258 (10th Cir.1990); Herron v. Rozelle, 480 F.2d 282, 288 (10th Cir.1973).
 
 Cross Appeal No. 91-5028
 
 7
 The district court directed a verdict in favor of Plaintiff on liability, holding that Plaintiff was never given a hearing in which to challenge the towing and retention of his van, as requested and as constitutionally required for such a deprivation. As the district court clearly intended, its decision adhered closely to the analysis set out in the Order and Judgment issued on Plaintiff's earlier appeal, wherein we held that the lack of due process safeguards in the ordinance section prompting the tow was not cured by the existence of undisclosed procedural rights in an uninvoked state statutory scheme. Defendant now argues that whatever actionable due process claims Plaintiff may have had following the tow were waived when, after the city finally released its hold on the van two months later, Plaintiff refused to recover the van by paying the significant fees that had accumulated during its retention. We reject this argument and affirm the decision of the district court.
 
 
 8
 None of the authorities cited by Defendant supports its position. In Weinrauch v. Park City, 751 F.2d 357 (10th Cir.1984), we recognized that the owner of an impounded vehicle may waive his due process rights if he fails timely to request a hearing, and that pre-payment of a towing fee or fine may be required as a condition to obtaining the hearing (so long as the payment may be recovered if the owner prevails). Id. at 359-60; see Goichman v. City of Aspen, 859 F.2d 1466, 1467-68 (10th Cir.1988). However, these principles are a far cry from Defendant's contention under the facts here, that one who already has sought and wrongfully been denied a hearing following impoundment of his vehicle somehow waives the (completed) constitutional violation by later refusing to pay the expense caused by that very denial of due process. Defendant's case is also not furthered either by its quotations from Scofield v. City of Hillsborough, 862 F.2d 759, 765 (9th Cir.1988), which simply recognized, as the district court did here, that procedurally improper but substantively justified deprivations give rise to actionable, though only nominal, due process claims, or its citation to Katona v. City of Cheyenne, 686 F.Supp. 287, which denied summary judgment to a city and its towing company under that same principle. Finally, Defendant's reference to Amsden v. Moran, 904 F.2d 748, 758 (1st Cir.1990), cert. denied, 111 S.Ct. 713 (1991), for the proposition that violations of state law do not necessarily establish substantive due process claims, is likewise unresponsive to the issue at hand.
 
 
 9
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED in all respects.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff relies on a passage from the Order and Judgment issued on his first appeal, which rejected Defendants' contention that procedural rights afforded by a state abandoned vehicle statute uncited at the time of impoundment precluded Plaintiff's due process claim. However, we held only that procedural protections not brought to Plaintiff's attention, either by direct notice or by citation to the triggering statutory violation, could not count as due process actually given. That practical recognition of the ineffectuality of undisclosed procedural safeguards does not constrain the analytically separate question addressed by the above authorities regarding alternate post hoc substantive justifications of the underlying seizure
 
 
 [2]
 We note, in addition, that Plaintiff has failed to comply with 10th Cir.R. 28.2, which requires a party to identify, for each issue raised on appeal, where in the record the issue was raised and ruled upon below and, for matters relating to instructions, also where in the record a proper objection was made to the adverse ruling and the objection ruled upon. Rule 28.2(d), (e). Such noncompliance also warrants rejection of the issues asserted. See, e.g., SEC v. Thomas, 965 F.2d 825 (10th Cir.1992); Moore v. Subaru of Am., 891 F.2d 1445, 1448, 1453 (10th Cir.1989); Kelley v. Sears, Roebuck & Co., 882 F.2d 453, 457 n. 3 (10th Cir.1989)