2002-NMCA-057

46 P.3d 108

**Geraldine F. SANDIA, Plaintiff–Appellant,**

v.

**Ray V. RIVERA, Defendant–Appellee.**

**No. 22,090.**

Court of Appeals of New Mexico.

April 12, 2002.

Timothy R. Hasson, Community & Indian Legal Services, Inc., Fairview, NM, for Appellant.

Kevin M. Brown, Daniel J. Macke, Brown & German, Albuquerque, NM, for Appellee.

## OPINION

SUTIN, Judge.

{1} Plaintiff Geraldine F. Sandia's inoperable vehicle was towed from the side of a road at the direction of a deputy sheriff. Sandia was unable to make satisfactory arrangements with the towing company to remove the company's statutory lien. The towing company later bought Sandia's vehicle at its own auction. Sandia sued the towing company, the State Motor Vehicle Division, and the Sandoval County Sheriff. She claimed a due process deprivation against the Sheriff because she was not given a hearing on the validity of the decision to have the vehicle towed. This appeal involves solely the district court's grant of summary judgment in favor of the Sheriff. We reverse.

## BACKGROUND

{2} Sandia was the co-owner along with her nephew, Jaime Loretto, of a 1996 pickup truck. While using the truck, Jaime had a one-vehicle accident which included two flat tires. Jaime left the truck on the side of the road while he went for help. A Sandoval County deputy sheriff saw the vehicle, checked to see whether it was reported stolen, and tried to locate the owner. The deputy determined the vehicle was in an unsafe area and should be towed.

{3} The deputy asked Trujillo Towing (Trujillo) to tow the truck to its impound lot. Trujillo asserted a statutory lien against the vehicle for the cost of towing and storage. See NMSA 1978, § 48–3–19 (1967). Sandia paid Trujillo $700 in fees but because this was not sufficient to pay the entire amount of Trujillo's charges and because Sandia was unable to make satisfactory arrangements with Trujillo to pay the full amount, Trujillo sold the vehicle to itself at auction.

{4} In her action against Sandoval County Sheriff Ray V. Rivera, Sandia claimed she was deprived of her property without due process because she was not given notice of the towing and was not given an opportunity to contest its validity. Sandia filed a motion for partial summary judgment asking the court to determine that she was deprived of her property without due process and to declare the towing statute, NMSA 1978, § 66–7–350 (1978), unconstitutional. The district court denied the motion with instructions to conduct discovery. Following discovery, Rivera moved for summary judgment declaring the towing statute constitutional. In response, Sandia again sought partial summary judgment declaring the towing statute unconstitutional. The district court

granted summary judgment in favor of Rivera and denied Sandia's motion. Sandia appeals.

## DISCUSSION

■ {5} The facts are undisputed. We review the grant of summary judgment de novo. *Self v. United Parcel Serv., Inc.,* 1998–NMSC–046, ¶ 6, 126 N.M. 396, 970 P.2d 582.

{6} Plaintiff contends Section 66–7–350 is unconstitutional because it contains no provision to satisfy the due process requirements of notice of towing and opportunity to be heard on the lawfulness of the towing. We therefore address the constitutional right to due process upon the deprivation by the government of a property interest. *See Dixon v. Love,* 431 U.S. 105, 112, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977); *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

{7} Section 66–7–350 states:

A. Whenever any police officer finds a vehicle standing upon a highway in violation of any of the foregoing provisions of Sections 66–7–349 through 66–7–352 NMSA 1978, such officer is hereby authorized to move such vehicle, or require the driver or other person in charge of the vehicle to move the same, to a position off the paved or main-traveled part of such highway.

B. Whenever any police officer finds a vehicle unattended upon any bridge or causeway or in any tunnel where such vehicle constitutes an obstruction to traffic, such officer is hereby authorized to provide for the removal of such vehicle to the nearest garage or other place of safety.

C. No driver of any vehicle shall permit said vehicle to remain unattended on or adjacent to any public road, highway or highway right-of-way of the state for a longer period than twenty-four hours without notifying the state police or sheriff's office of the county where said vehicle is parked or said vehicle shall be deemed abandoned. The state police or sheriff's

officer may cause all such abandoned vehicles to be removed and the owner of the vehicle shall be required to pay all costs incident to the removal of said vehicle, provided that wrecked vehicles may be removed at any time and without regard to the twenty-four hour period hereinbefore provided.

D. Whenever an officer shall order a dealer or wrecker to remove from a highway, or territory adjacent thereto, any damaged or abandoned vehicle the officer shall at the time issue signed and dated instructions in writing to the dealer or wrecker specifically stating if the vehicle is to be "held for investigation" or if it may be released to the owner.

Our focus is on the statute's allowance of removal of a vehicle and the requirement or practice that the vehicle owner pay all costs incident to the removal.

{8} While both parties agree the tow order was state action for purposes of the Fourteenth Amendment, Rivera argues that state action ended when the truck was towed, thus he had no duty to provide notice of anything. We disagree. The tow order initiated the immediate deprivation of the vehicle and that deprivation continued with the fee requirement for the vehicle's release, implicating the right to due process no less than the initial towing.[1] *See* § 66–7–350(C); § 48–3–19; *Remm v. Landrieu,* 418 F.Supp. 542, 545 (E.D.La.1976).

■ {9} The parties also agree that Sandia had a protected property interest that the state cannot limit without procedural due process. *Stypmann v. City & County of San Francisco,* 557 F.2d 1338, 1342 (9th Cir. 1977). Even a temporary taking of the vehicle must receive due process. *Remm,* 418 F.Supp. at 545; *Graff v. Nicholl,* 370 F.Supp. 974, 981 (N.D.Ill.1974); *see also In re Comm'n Investigation,* 1999–NMSC–016, ¶ 24, 127 N.M. 254, 980 P.2d 37 (stating "the fact that the deprivation of property . . . may be only interim or temporary in nature does

---

1. Sandia also sued Trujillo for, among other things, wrongful execution on the lien. Our state action analysis and determination based on that analysis that the deprivation continued with the fee requirement is not to be construed to either hold or establish any law of the case that Rivera is liable for damages, if any, resulting from Trujillo's execution on its lien.

not provide a justification for bypassing the Due Process Clause").

■ {10} "Procedural due process is a flexible right and the amount of process due depends on the particular circumstances of each case." *State ex rel. Children, Youth & Families Dep't v. Stella P.*, 1999–NMCA–100, ¶ 15, 127 N.M. 699, 986 P.2d 495 (internal quotation marks and citation omitted); *Mathews*, 424 U.S. at 334, 96 S.Ct. 893. We analyze the nature of the government and private interests involved. *See Dixon*, 431 U.S. at 112–13, 97 S.Ct. 1723; *Mathews*, 424 U.S. at 334, 96 S.Ct. 893; *Graff*, 370 F.Supp. at 980. The private interest here is the owner's uninterrupted access to and use of the vehicle. *Stypmann*, 557 F.2d at 1342. The government interest in the towing of private vehicles is the elimination of safety hazards, upon which a post-seizure hearing does not impinge. *See id.* at 1344.

{11} We must evaluate "the risk of an erroneous deprivation of [the private] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." *Mathews;* 424 U.S. at 335, 96 S.Ct. 893; *see also Mills v. N.M. State Bd. of Psychologist Exam'rs*, 1997–NMSC–028, ¶ 19, 123 N.M. 421, 941 P.2d 502. Although in this case the Sandoval County Sheriff's office did try to notify Sandia that her car had been towed, there was no established procedure for the government to give Sandia notice of the towing with an opportunity to contest its legality. Further, no hearing procedure existed.

■ {12} Generally, due process requires notice and hearing before deprivation. *Mathews*, 424 U.S. at 333, 96 S.Ct. 893; *Graff*, 370 F.Supp. at 981, 983; *Mills*, 1997–NMSC–028, ¶ 14, 123 N.M. 421, 941 P.2d 502. These requirements "may be loosened and even postponed" in certain situations. *Graff*, 370 F.Supp. at 982. That is, where safety is concerned or an emergency exists, the government can properly tow a private vehicle before notice and hearing. *See id.* But the government must provide a hearing to allow the vehicle's owner an opportunity to timely challenge the legality of the towing. Without notice and a meaningful and timely hearing, the towing and continued deprivation of use of the vehicle is a deprivation of property without due process of law. *See Mathews*, 424 U.S. at 332, 96 S.Ct. 893; *Stypmann*, 557 F.2d at 1343–44; *Graff*, 370 F.Supp. at 983.

■ {13} Rivera argues that in situations where an aggrieved party may recover property at a minimal cost, the additional cost to the government of conducting a post-deprivation hearing outweighs the need for any hearing. *Mathews*, 424 U.S. at 348, 96 S.Ct. 893. He, however, failed to argue or present evidence supporting this position below. We therefore do not consider the argument. *See Kennedy v. Dexter Consol. Schs.*, 2000–NMSC–025, ¶ 36, 129 N.M. 436, 10 P.3d 115 (stating a party must provide detailed evidence to support a lodestar calculation in claim for attorney fees); *Trujillo v. City of Albuquerque*, 110 N.M. 621, 630–31, 798 P.2d 571, 580–81 (1990), *rev'd on other grounds,* 1998–NMSC–031, 125 N.M. 721, 965 P.2d 305 (equal protection case requiring facts be developed to allow a determination of substantial relationship between classification and governmental interest). In any event, we doubt development of the facts would change our view of the constitutionality of the towing statute. *See Stypmann*, 557 F.2d at 1343 (stating that the fact the government "provide[s] a hearing in some circumstances suggests that it is neither unduly burdensome nor unduly costly to do so" in others); *Graff*, 370 F.Supp. at 984–85 ("The Supreme Court has emphatically rejected the argument that the cost, in time, effort, and expense, of holding a prior hearing constitutes a legitimate justification for ignoring this aspect of Fourteenth Amendment protections.").

{14} Rivera relies on a 1984 Tenth Circuit case in support of his contention that no hearing is required before the owner of an impounded vehicle must pay outstanding fees to recover it. In *Weinrauch v. Park City*, 751 F.2d 357 (10th Cir.1984), a vehicle owner parked illegally and the vehicle was impounded. The owner sued under 42 U.S.C. § 1983 (1996) alleging that "the impoundment procedure denied her due process because she was not given a hearing before she was required to either pay the towing fee or leave the car impounded." *Id.* at 359. Interpreting the

owner's argument to be that she was entitled to release of the vehicle on demand, the court held the city was not required to provide a hearing before requiring the owner to pay the impoundment fees, *id.* at 360, approving the Ninth Circuit's *Stypmann* holding that "the impoundment procedure was … unconstitutional because *no* hearing was provided at which the validity of the seizure and detention could be determined, either before or after impoundment." *Weinrauch*, 751 F.2d at 359. *Weinrauch* based its decision on the post-*Stypmann* posture of the same statute held unconstitutional in *Stypmann*, i.e., the amended statute at issue in *Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320 (9th Cir.1982). *Weinrauch* concluded that the amended statute was constitutional because it provided "a post-seizure hearing within forty-eight hours of request." *Weinrauch*, 751 F.2d at 359. *Weinrauch* therefore does not apply here where, as in *Stypmann*, the statute provides no hearing.

{15} Rivera also seeks refuge in *Trujillo v. Romero*, 82 N.M. 301, 481 P.2d 89 (1971), a New Mexico case that addressed towing in New Mexico under the earlier version of the statute in question. *Trujillo* is not on point. The constitutionality of the statute was not at issue. Rather, the opinion construed the statute and determined that it authorized the officer to have the vehicle towed. *Id.* at 305, 481 P.2d at 93. *Trujillo* does not address whether a hearing must occur after the towing. The fact that law enforcement officers have the authority to tow a vehicle in an emergency situation for the safety of the traveling public does not eliminate the need for due process.

{16} Rivera argues the availability of other remedies. He contends that Sandia could have filed a replevin action to recover her vehicle. *See* NMSA 1978, § 42–8–1 (1907). The availability of such an action, he asserts, satisfies due process. We disagree. A replevin action against Trujillo would not remedy the deprivation of property without due process. Due process is required upon towing, not sometime later in a replevin action. Furthermore, it is the government that caused the towing company to take action.

{17} Further, a right, if any, to sue the government for damages does not satisfy the demands of due process. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 20, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978). While Sandia might sue Rivera under § 1983 claiming that her vehicle had been illegally towed, *see Weinrauch*, 751 F.2d at 359, or sue in conversion, *see Stypmann*, 557 F.2d at 1343–44 n. 19, such civil actions may entail considerable delay and do not adequately alleviate the immediate due process concern. Due process requires prompt notice with "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333, 96 S.Ct. 893 (internal quotation marks and citation omitted). A hearing months or more down the road does not prevent wrongful detention; rather, it prolongs wrongful detention. By the time a hearing is held, the vehicle may be sold for the owner's failure to timely pay the fees required. That other remedies may be available does not remove the need for a statutory post-deprivation hearing requirement. *See Moore v. City of Park Hills*, 924 S.W.2d 301, 304 (Mo.Ct.App.1996).

{18} Rivera also argues due process was provided because an informal process existed that Sandia did not invoke. According to Rivera, Sandia could have, but did not, complain to him about the towing. A chance to informally complain does not satisfy due process. It does not guarantee a meaningful, timely, and fair opportunity to contest the validity of the deprivation. It is no defense that Sandia failed to complain to Rivera. Even were Rivera sympathetic to a vehicle owner's complaint, Rivera has no authority to negate a towing company's statutory lien and to order release of the vehicle. Thus, an internal procedure for informal discussion would fall short.

{19} We adopt the reasoning of a 1982 New Mexico federal district court unpublished memorandum opinion that held unconstitutional the very statute at issue here. *Murphy v. Montoya*, Civ. No. 81–0033 HB (D.N.M. June 25, 1982) (unpublished). Relying on *Stypmann*, among other cases, the court order in *Murphy*, a class action, permanently enjoined the "defendant law en-

forcement officer class ... from ordering the tow of any motor vehicle except in cases where a vehicle jeopardizes public safety by creating an unsafe condition or by significantly hindering the efficient movement of traffic." The court held the statute unconstitutional because it did not "provide an opportunity for a hearing, and notice of the opportunity for a hearing, to an individual who wishes to contest the legality of the towing, detention, or sale of his automobile." In its opinion, the *Murphy* court stated that "[s]o long as a procedure affords notice and an opportunity for a hearing which are meaningful and reasonable under the circumstances, it will comply with the requirements of the due process clause," citing *Craig v. Carson*, 449 F.Supp. 385, 391 (M.D.Fla.1978). The *Murphy* court did not specify what procedure must be followed, but simply determined that the government must provide an owner with the opportunity to challenge the towing.

{20} We hold Section 66–7–350 unconstitutional because it does not provide for appropriate notice of the towing and does not provide a meaningful and timely opportunity to challenge the validity of the towing.

## CONCLUSION

{21} We reverse the summary judgment granted to Rivera. He was the agent of the state who initiated the towing of Sandia's vehicle and should have been required to provide due process. Further, we reverse the denial of the partial summary judgment sought by Sandia and declare Section 66–7–350 unconstitutional. The statute is fatally flawed in failing to provide due process to an owner of a vehicle towed at the direction of the government. That is, the government must provide notice of an owner's right to a meaningful and timely hearing to challenge the towing. We remand for proceedings consistent with this opinion.

{22} Nothing in this opinion is intended to restrict law enforcement officers from continuing to remove vehicles that obstruct traffic or that, based on safety concerns, must be removed to protect the traveling public from harm.

{23} **IT IS SO ORDERED.**

WE CONCUR: CELIA FOY CASTILLO and IRA ROBINSON, Judges.