This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JUDY L. HICKS-LOVELACE,**

Petitioner-Appellee,

v.                                                                                 **NO. 31,488**

**DARRELL E. LOVELACE,**

Respondent,

and

**KDR TRUCKING, LLC, and**
**INEZ PERKINS,**

Intervenors-Appellants.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Daniel Viramontes, District Judge**

Kretek Law Office LLC
Charles C. Kretek
Deming, NM

for Appellee

Frederick H. Sherman
Deming, NM

Caren I. Friedman

Santa Fe, NM

for Appellants

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Third party intervenors appeal an order determining that they have no standing to protect their interest in property at issue in an underlying dissolution of marriage action. When the post-judgment rulings in this divorce proceeding materially affected the property interests of a third party, we conclude that joinder of all the interested parties was necessary to allow for finality and to alleviate any due process concerns. We reverse.

**BACKGROUND**

{2}     In the underlying dissolution case, the final decree of dissolution of marriage awarded the spouses' interest in a 2003 Kenworth W900L Semi Truck and a 2004 Manic Flatbed Semi Trailer to Husband. The truck and trailer were subject to a lease-purchase agreement with the previous owner, Lehr & Son Livestock. Husband remained obligated to pay and satisfy the lease-purchase agreement. To equalize the property settlement in the divorce, Husband was ordered to pay Wife $2,700 per month until the community debts were fully paid. Husband failed to pay the monthly payments of $2,700, and Wife filed a motion for contempt of court.

2

**{3}** The district court ruled that Husband was in indirect contempt of court for failure to make the monthly payments. Husband was ordered to jail for a term of six months or until he purged his debt to Wife, whichever was first to occur. The district court also ruled that Husband could purge his debt through monetary payment or by delivering to Wife the title and possession of the truck and trailer. However, Husband had already failed to pay on the lease-purchase agreement for the truck and trailer, and the previous owner had already repossessed the vehicles. After repossessing the vehicles, the previous owner sold the truck and trailer to KDR Trucking, a trucking company owned by Husband's mother.

**{4}** Following the district court's contempt order against Husband, Wife requested a Writ of Execution (the Writ) for possession of the truck and trailer. After service and execution of the Writ, and despite the fact that Husband no longer retained any interest in the vehicles, Wife obtained possession of the truck and trailer. It is undisputed that Wife obtained possession of the vehicles after they had been resold to KDR Trucking.

**{5}** To address the taking of the vehicles by Wife, KDR Trucking and Husband's mother (Intervenors) filed a motion to intervene and for a restraining order. The district court granted the motion to intervene and issued a temporary restraining order. However, after reviewing the parties' briefs and holding oral argument on the issue of whether the truck and trailer were seized from Intervenors without due process of

the law, the district court determined that Intervenors did not have standing in the domestic relations proceedings because they were not attacking the original judgment and final decree. On that basis, the court dismissed Intervenors' motions and awarded title to and possession of the truck and trailer to Wife. Intervenors timely appealed the district court's dismissal of their pending motions and the award of title to the vehicles to Wife.

**STANDARD OF REVIEW**

{6}     We will uphold a district court's denial of a motion to intervene, absent a clear abuse of discretion. *Apodaca v. Town of Tome Land Grant*, 1974-NMSC-026, ¶ 5, 86 N.M. 132, 520 P.2d 552. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153. "A court abuses its discretion when it misapplies the law to the facts; we review the application of the law de novo to determine whether an abuse of discretion has occurred." *Wilson v. Mass. Mut. Life Ins. Co.*, 2004-NMCA-051, ¶ 21, 135 N.M. 506, 90 P.3d 525, *overruled on other grounds by Schultz el rel. Schultz v. Pojoaque Tribal Police Dep't*, 2010-NMSC-034, 148 N.M. 692, 242 P.3d 259.

**ARGUMENT**

{7} Intervenors raise two issues on appeal. First, they argue that the district court erred in concluding that Intervenors lacked standing to protect their claimed ownership interest to the vehicles in the domestic relations proceedings and must instead protect their ownership interest by attacking the district court's divorce decree under Rule 1-060(B) NMRA. Second, Intervenors contend that the district court's order awarding title to the vehicles to Wife deprived them of their property without due process of law. Wife has not responded to Intervenors' appellate arguments. Despite this lack of a response from Wife, this Court must determine whether the rulings by the district court were erroneous. *See Lozano v. GTE Lenkurt, Inc.*, 1996-NMCA-074, ¶ 30, 122 N.M. 103, 920 P.2d 1057 ("Our [r]ules of [a]ppellate [p]rocedure do not require an answer brief to be filed; instead, where no brief is filed, the cause may be submitted upon the brief of the appellant.").

**STANDING**

{8} We first address whether it was proper for the district court to dismiss Intervenors' motions based on its finding that Intervenors lacked standing to challenge the Writ. A proposed intervenor has standing to intervene where: (1) it "claims an interest relating to the property or transaction which is the subject of the action," (2) it "is so situated that the disposition of the action may as a practical matter impair or impede [intervenor's] ability to protect that interest," and (3) its interest is not

5

adequately represented by the existing parties to the litigation. Rule 1-024(A)(2) NMRA. Whether a party has standing to litigate a particular issue is a question of law, which we review de novo. *Forest Guardians v. Powell*, 2001-NMCA-028, ¶ 5, 130 N.M. 368, 24 P.3d 803.

{9} Intervenors do not challenge the final outcome of the divorce proceedings and concede that they do not have standing to bring such a challenge to the final decree. However, after the final decree was entered, Husband's ownership interest in the vehicles remained subject to the previous owner's security interest under the lease-purchase agreement. It is undisputed that Husband failed to meet his obligations under the lease-purchase agreement, and that Lehr & Son Livestock repossessed the vehicles and resold them to Intervenors. It is also undisputed that the repossession and sale occurred before Wife initiated contempt proceedings against Husband for his failure to satisfy the monthly payment obligations under the final decree. Thus, the undisputed facts establish that Intervenors had obtained a valid ownership interest in the truck and trailer before Wife's initiation of the post-judgment contempt proceedings.

{10} Despite the undisputed facts, the district court erroneously provided Husband an opportunity to satisfy his contempt citation and debt to Wife by the delivery of the vehicles to her. As a result, Wife was able to obtain possession of the truck and trailer.

6

Intervenors' third party interests were only jeopardized and ripe for adjudication upon the issuance and execution of the Writ, effectuating delivery of the vehicles to Wife. As such, a Rule 1-060(B) motion to set aside the final judgment in the domestic proceedings would not be the appropriate means for third parties to protect their claimed ownership interest in the vehicles seized after the judgment was entered. However, the law abhors multiplicity of actions, consuming the time of the court and entailing additional expense to the parties. Accordingly, this Court previously held that a third party claiming an interest in community property in a divorce action has standing to intervene in the dissolution proceedings. *See Malcolm v. Malcolm*, 1965-NMSC-138, ¶ 8, 75 N.M. 566, 408 P.2d 143 ("[E]ither party to a divorce action may bring in third parties who claim an interest in the property alleged to be community, or third parties themselves may intervene and have their rights therein determined." (internal quotation marks and citation omitted)); *Greathouse v. Greathouse*, 1958-NMSC-032, ¶ 6, 64 N.M. 21, 322 P.2d 1075 ("Not only is the state greatly concerned with marriage and divorce, it has as well a definite interest in the orderly determination of property rights of the parties involved."). It would be incongruous to hold that a third party whose claim to property involved in a divorce action may be made a party to the action in order to adjudicate his rights therein even though his claim may have arisen independently before the divorce action, but that a third party

who acquired an interest in the property during the time period the actual litigation is pending has no standing to adjudicate his or her interest.

{11} We conclude that upon the service of the Writ, Intervenors acquired standing to protect their property rights which were jeopardized by the ongoing domestic relations proceedings between Husband and Wife. Consequently, in order to properly dispose of all of the post-decree issues raised by the contempt proceedings and the issuance of the Writ, it was necessary for the district court to allow intervention so that Intervenors could timely adjudicate and protect their ownership interest in the truck and trailer. *See Ruggles v. Ruggles*, 1993-NMSC-043, ¶ 31, 116 N.M. 52, 860 P.2d 182 (recognizing the importance of achieving finality in divorce proceedings and avoiding future strife and confrontations). Under the facts of this case, it was an abuse of discretion for the district court to dismiss Intervenors' claims for lack of standing.

**DUE PROCESS**

{12} We now address Intervenors' second argument that the district court's award of the truck and trailer to Wife violated their constitutional rights because it deprived them of their property without due process of law. When post-judgment proceedings raise issues relating to third party property rights, the district court must consider the due process implications upon all property interests being addressed by the court. *See Sanchez v. Saylor*, 2000-NMCA-099, ¶ 40, 129 N.M. 742, 13 P.3d 960 (noting "that

8

a post-judgment amendment to impose liability simultaneously with an amendment adding a party violated both the rules of civil procedure and due process of law."). This Court reviews due process constitutional claims de novo. *Los Chavez Cmty. Ass'n v. Valencia Cnty.*, 2012-NMCA-044, ¶ 12, 277 P.3d 475.

**{13}** "Due process requires that no person shall be deprived of life, liberty, or property, without due process of law." *Tri-State Generation & Transmission Ass'n, Inc. v. D'Antonio*, 2012-NMSC-039, ¶ 37, 289 P.3d 1232 (alterations, internal quotation marks, and citations omitted). It requires notice and an opportunity to be heard before deprivation. *Sandia v. Rivera*, 2002-NMCA-057, ¶ 12, 132 N.M. 201, 46 P.3d 108; *see Wirtz v. State Educ. Ret. Bd.*, 1996-NMCA-085, ¶ 16, 122 N.M. 292, 923 P.2d 1177 ("It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process. . . . Failure to give notice violates the most rudimentary demands of due process of law." (emphasis, internal quotation marks and citations omitted)). "In order to assert a procedural due process claim, a plaintiff must establish deprivation of a legitimate liberty or property interest and that he was not afforded adequate procedural protections." *Tri-State Generation*, 2012-NMSC-039, ¶ 37 (alteration, internal quotation marks, and citation omitted).

**{14}** As previously discussed, the undisputed facts established that Intervenors were deprived of a validly claimed ownership interest. The district court was therefore authorized to address this post-judgment issue raised by Intervenors as part of its power to enforce the final decree of dissolution. *See Hall v. Hall*, 1992-NMCA-097, ¶ 38, 114 N.M. 378, 838 P.2d 995 (explaining that a district court has jurisdiction to enforce its judgment after it enters judgment). During its post-judgment contempt proceedings and prior to Intervenors' motion to intervene, the district court did not adjudicate the ownership interests of Intervenors, or of Husband and Wife, to the truck and trailer. The question here is whether Intervenors were afforded notice and an opportunity to be heard concerning their claimed ownership interest in the same vehicles. *See id.*

**{15}** After learning of Intervenors' claimed ownership interest in the vehicles, Wife filed a separate lawsuit raising claims of a fraudulent conveyance against Intervenors. When Wife failed to obtain title to the vehicles in this way—her case against Intervenors was dismissed with prejudice—Wife again attempted to obtain title to the vehicles, this time through the execution and service of the Writ. It was then that Intervenors became aware that their claimed ownership interest in the vehicles was jeopardized in these domestic proceedings and formally asserted their ownership rights by moving to intervene. Although the district court was aware of these post-

judgment ownership issues and of the fact that third party rights had not been addressed prior to the issuance of the Writ, it did not allow evidence on the issue. Once raised, these issues should have been addressed and resolved after an evidentiary hearing. *See Bd. of Educ. v. Harrell*, 1994-NMSC-096, ¶¶ 31-32, 118 N.M. 470, 882 P.2d 511 (discussing the importance of "an evidentiary hearing which comports with the minimum requirements of due process"). Instead, the district court entered findings, conclusions, and an order that addressed Husband's debt to Wife by erroneously awarding ownership of the truck and trailer to Wife without allowing intervention or holding any hearings to address the ownership interest claimed by Intervenors.

{16}    By denying Intervenors standing to address their claimed ownership interest in the vehicles, we determine that the district court violated Intervenors' due process rights. Accordingly, we reverse the decision of the district court awarding ownership of the truck and trailer to Wife. We remand this matter to the district court to allow intervention and for further proceedings to address whether Intervenors established a priority ownership interest in the truck and trailer.

**CONCLUSION**

{17}    For the foregoing reasons, we reverse the order of the district court and remand for further proceedings consistent with this Opinion.

{18}    **IT IS SO ORDERED.**


_____

**TIMOTHY L. GARCIA, Judge**


**WE CONCUR:**


_____

**CYNTHIA A. FRY, Judge**


_____

**LINDA M. VANZI, Judge**