893 P.2d 478

**Lori CLASSEN, Petitioner–Appellee,**

v.

**Ronald CLASSEN, Respondent–Appellant.**

No. 15428.

Court of Appeals of New Mexico.

· Feb. 27, 1995.

Phil Blenden, Paine, Blenden & Diamond, Carlsbad, for petitioner-appellee.

Ronald Classen, Milan, pro se.

## OPINION

APODACA, Chief Judge.

■ Ronald Classen (Husband) appeals from the trial court's denial of his motion for relief from judgment, pursuant to SCRA 1986, 1–060(B) (Repl.1992), in a divorce action. We hold that the trial court erred in ruling solely on the record below that Husband's due process rights were not violated because of improper service of process. We therefore reverse and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Lori Classen (Wife) did not file an answer brief to challenge the facts appearing in the docketing statement and discussed in the brief in chief. We thus adopt those facts as the facts of the case. *See State v. Hernandez,* 116 N.M. 562, 563, 865 P.2d 1206, 1207 (Ct.App.) (facts appearing in the docketing statement that are not challenged are to be accepted as the facts of the case), *cert. denied,* 116 N.M. 801, 867 P.2d 1183 (1993); *State v. Calanche,* 91 N.M. 390, 392, 574 P.2d 1018, 1020 (Ct.App.1978) (same).

On October 25, 1991, Wife filed a petition for dissolution of marriage in the Fifth Judicial District Court of New Mexico. In the petition, Wife sought a dissolution of marriage, division of community property, and custody of the parties' two minor children.

On November 12, 1991, Wife filed an affidavit stating that she had "made due and diligent search of [sic] inquiry to ascertain the present whereabouts of [Husband], but such information [was] unknown and [could not] be ascertained." Consequently, Wife indicated that only constructive service of process could be obtained on Husband. Con-

structive service was published in the *Carlsbad Current-Argus* newspaper for four consecutive weeks, from November 18, 1991, to December 9, 1991. *See* SCRA 1986, 1-004(H) (Repl.1992).

On January 14, 1992, the trial court entered a judgment and decree of dissolution of marriage. The decree also granted to Wife sole custody of the parties' children and divided the parties' community property.

Approximately two years later, on January 3, 1994, Husband filed a motion for relief from judgment pursuant to SCRA 1-060(B). Husband alleged that the trial court lacked both subject matter jurisdiction and in personam jurisdiction over him because he was never served with process. Husband alleged that:

> During the entire time of the action, [Wife] knew the exact whereabouts of [Husband]. During the entire time of this action [Wife] knew the whereabouts of [Husband's] parents. During the time of this action the Carlsbad Sheriff knew the whereabouts of [Husband]. [Husband] was living in Phoenix at an address possessed by [Wife].

Husband further contended that during this time he received correspondence and telephone calls from his children. Based on these facts, Husband argued that the judgment and decree were void because, contrary to law, Wife failed to provide him with notice of the proceedings, thus depriving him of the opportunity to be heard.

The trial court denied Husband's motion without a hearing. In its order denying the motion, the trial court stated: "The Court having reviewed the file and being fully informed in the premises finds that there was proper service by publication and that [Husband] was a fugitive from justice and his whereabouts were unknown. Therefore, the motion should be denied." This appeal followed.

## II. DISCUSSION

■ At first glance, Husband's argument essentially appears to be that Wife committed fraud on the trial court based on her misrepresentation that she was unaware of Husband's whereabouts and could therefore not personally serve him. Where the basis for the motion for relief from judgment is fraud or misrepresentation, such "motion shall be made ... not more than one-year after the judgment, order or proceeding was entered...." SCRA 1-060(B)(3), (6). Because Husband's motion was made almost two years after the default decree was entered, it would appear that the motion was not timely. We determine, however, that Husband's motion for relief was brought pursuant to SCRA 1-060(B)(4), not SCRA 1-060(B)(3), thus making the one-year time limit inapplicable.

Although Husband alleges fraud by Wife in filing her affidavit that permitted service by publication (so that it might appear Husband was seeking to set aside the judgment under SCRA 1-060(B)(3), which addresses judgments obtained by fraud), it is apparent that he is seeking relief under SCRA 1-060(B)(4) on the ground that the judgment is void because of improper service. *See Marinchek v. Paige,* 108 N.M. 349, 351-52, 772 P.2d 879, 881-82 (1989). In *Marinchek,* which is procedurally similar to the present case, our Supreme Court stated:

> [T]he applicable ground [for relief] would be Rule 60(B)(4), void judgment, under which the failure to move to vacate within one year after the entry of judgment would not be controlling. Although [Appellee] couched his argument in terms of excusable neglect, *he premised his motion on grounds of a due process violation.*

(Emphasis added; citation omitted). Here, although Husband couched his argument in terms of fraud and misrepresentation, he premised his motion on the grounds of a due process violation. There is no time limitation on a motion filed pursuant to SCRA 1-060(B)(4).

■ Generally, the grant or denial of relief pursuant to SCRA 1-060(B) is a matter within the discretion of the trial court, and our review is limited to the question of whether there has been an abuse of that discretion. *Sun Country Sav. Bank of N.M. v. McDowell,* 108 N.M. 528, 532, 775 P.2d 730, 734 (1989); *Click v. Litho Supply Co.,* 95 N.M. 419, 420, 622 P.2d 1039, 1040 (1981). The standard of review on appeal from the

denial of a SCRA 1–060(B)(4) motion is not, however, whether there has been an "abuse of discretion." When the grant or denial of a motion turns on the validity of the judgment, as in a SCRA 1–060(B)(4) motion, discretion has no place. *Nesbit v. City of Albuquerque*, 91 N.M. 455, 459, 575 P.2d 1340, 1344 (1977); *Chavez v. County of Valencia*, 86 N.M. 205, 209, 521 P.2d 1154, 1158 (1974). If the underlying judgment is void, it must be set aside. *See Chavez*, 86 N.M. at 209, 521 P.2d at 1158; *Nesbit*, 91 N.M. at 459, 575 P.2d at 1344. A judgment is void only if the court rendering it "lacked jurisdiction of the subject matter, or of the parties, *or acted in a manner inconsistent with due process of law.*" *In re Four Seasons Sec. Laws Litig.*, 502 F.2d 834, 841 (10th Cir.) (emphasis added; citations omitted), *cert. denied, Ohio v. Arthur Andersen & Co.*, 419 U.S. 1034, 95 S.Ct. 516, 42 L.Ed.2d 309 (1974).

> Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.
>
> . . . .
>
> An elementary and fundamental requirement of due process in any proceeding [that] is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (citations omitted); *see Marinchek*, 108 N.M. at 352, 772 P.2d at 882 (due process requires notice reasonably calculated, under all the circumstances, to inform parties of the action and afford them the opportunity to present their objections); *Wells Fargo Bank v. Dax*, 93 N.M. 737, 741, 605 P.2d 245, 249 (Ct.App.1979) (same).

■ Due process prohibits the use of constructive service where it is feasible to give actual notice. *See Clark v. LeBlanc*, 92 N.M. 672, 673, 593 P.2d 1075, 1076 (1979). It is as true now as it was in 1950 when Justice Jackson observed, "Publication may theoretically be available for all the world to see, but it is too much in our day to suppose that each or any individual ... does or could examine all that is published to see if something may be tucked away in it that affects his property interests." *Mullane*, 339 U.S. at 320, 70 S.Ct. at 660. "[G]reat caution should be used not to let fiction deny the fair play that can be secured only by a pretty close adhesion to fact." *McDonald v. Mabee*, 243 U.S. 90, 91, 37 S.Ct. 343, 344, 61 L.Ed. 608 (1917) (citation omitted).

The United States Supreme Court, however, did not prohibit the use of publication in all circumstances as a means of providing constitutionally adequate notice. The Court held that publication was still a valid means of providing notice to persons whose whereabouts could not with "due diligence" be ascertained. *Mullane*, 339 U.S. at 317, 70 S.Ct. at 659. The critical question in the instant case is whether Wife exercised due diligence, within the meaning of *Mullane*, to justify service of process by publication rather than the constitutional norm of actual service of process.

Husband contends that Wife knew, or easily could have ascertained with due diligence, his address at the time that she filed the petition for dissolution. Husband argues, therefore, that service by publication was improper. Assuming that Wife knew, or could have ascertained with due diligence, Husband's address, we determine that service by publication was improper and did not comply with due process. If service did not meet due process standards, the judgment is voidable at any time under SCRA 1–060(B)(4). The only matters of record regarding propriety of service in this case are the conflicting affidavits of Wife (submitted on November 12, 1991) and Husband (submitted on January 3, 1994). On this record, the trial court cannot resolve the factual issues that control whether service was proper. The trial court may need to conduct an evidentiary hearing, unless further discovery produces uncontroverted dispositive facts. Because Husband is incarcerated at the Cibola County Correctional Center in Milan,

**586**

New Mexico, it is not necessary that he be physically transported for an evidentiary hearing. Rather, at the trial court's discretion, Husband can testify by deposition, telephone, or any other acceptable means, as long as the means chosen affords him an opportunity to call and examine witnesses.

### III. CONCLUSION

We reverse and remand with directions that the trial court proceed in conformity with this opinion.

**IT IS SO ORDERED.**

DONNELLY and HARTZ, JJ., concur.