This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 32,252**

**GUILLERMO CONTRERAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CIBOLA COUNTY**
**Camille M. Olguin, District Judge**

Hector H. Balderas, Attorney General
Margaret McLean, Assistant Attorney General
Olga Serafimova, Assistant Attorney General
Santa Fe, NM

for Appellee

Honce Law Office, LLC
Elizabeth A. Honce
Albuquerque, NM

for Appellant

**HANISEE, Judge.**

{1} Defendant appeals from the district court's denial of his motion for relief from judgment, wherein Defendant sought to set aside the guilty plea on grounds that Rule 5-303(F)(5) NMRA, requiring that the district court both notify a defendant of, and determine his or her understanding regarding, possible immigration consequences associated with a plea of guilty. The rule as well requires that district courts ensure that defense counsel advises defendants regarding the immigration consequences they will face upon a plea of guilty. In this regard, Defendant also sought relief based upon his attorney's ineffectiveness. On appeal, Defendant argues that: (1) he did not receive adequate translation services during his plea hearing; (2) the district court erred in ruling that Defendant failed to establish ineffective assistance of counsel; and (3) the district court erred in ruling that Defendant failed to establish a Rule 5-303(F)(5) violation. As to his final point of appeal, we reverse the district court and remand for proceedings consistent with this Opinion.

**BACKGROUND**

{2} Defendant, a citizen of Mexico, was arrested for intentional possession of cocaine, contrary to NMSA 1978, Section 30-31-23 (1990, amended 2011), and use or possession with intent to use drug paraphernalia, contrary to NMSA 1978, Section

30-31-25.1 (1997, amended 2001). In 2002, Defendant entered into a plea agreement with the State, pursuant to which he pled guilty to one count of cocaine possession, a fourth degree felony. After the district court accepted Defendant's guilty plea, it inquired as to whether Defendant was a United States citizen. On the audio tape of the proceeding, an unidentified individual can be heard to reply in the negative. The court stated that at the upcoming sentencing hearing, it would like to know how sentencing would affect Defendant's "ability to stay in the United States." Defense counsel stated that he did not "think a deferred sentence would have [an effect] because there is no entry of guilt." The court requested that this information be verified and instructed both the defense and the State to conduct research on the matter. Defense counsel again reiterated that he did not "believe [a deferred sentence] would have an effect because as a deferral there is no adjudication."

{3} At the sentencing hearing, an Adult Probation and Parole officer (APPO) recommended, as set forth within a presentence report that had been prepared regarding Defendant, that the court impose only a deferred sentence. Defense counsel requested that the court additionally "consider a conditional discharge" due to what his perception that the APPO thought there might in fact be "a possible problem with the [Immigration and Naturalization Service]." The court asked if there would be a problem with deferring the sentence, and defense counsel responded:

3

> I think with the deferral, according to the presentence report, there is. I think with the conditional discharge, there probably won't be because a judgment is never entered; a finding of guilt is never entered, and obviously [Defendant] would be under the same terms and conditions that the probation office is recommending on a deferred sentence.

After conferring with the APPO, the court noted that deportation would be triggered "either with a conditional discharge, with a deferral, with a suspended [sentence], or imposition of sentence. All four of those would cause the trigger because of the plea." Ultimately, the district court followed the recommendation of the APPO and deferred Defendant's sentence for a period of eighteen months. Defendant completed his probationary period without revocation and the district court entered an order of dismissal.

{4}     Although not a part of the record on appeal, Defendant explains that approximately six years after the district court entered the dismissal, he was taken into the custody of Immigration and Customs Enforcement following a traffic stop. At that time, Defendant obtained new counsel and filed a motion to withdraw his initial plea or to set aside the judgment and sentence. Defendant claimed that the requisite inquiry was not made regarding whether he understood that his plea may bare upon his immigration status, and he was "never advised by his attorney of the specific immigration consequences of his plea."[1] Defendant alleged that had he "known the

---

[1] While the motion actually states that "inquiry was made as to whether Defendant understood that his plea may have had an effect on his immigration status[,]" due to

4

specific collateral immigration consequences to his plea, [he] would have exercised his [c]onstitutional [r]ight . . . to a trial by jury and would not have agreed to plead[.]"

{5}      The district court held a hearing on Defendant's motion, and Defendant subsequently filed a motion for relief from judgment pursuant to Rule 1-060(B)(6) NMRA of the Rules of Civil Procedure, where Defendant again asserted that during the plea and sentencing hearings, he was never asked if he understood the immigration consequences of his plea nor was he informed as to what the immigration consequences would be. Defendant additionally claimed that his counsel's failure to properly advise him of the immigration consequences constituted ineffective assistance of counsel that resulted in prejudice to Defendant as he had been detained and placed into removal proceedings before an immigration court. Defendant again argued that had he known of the specific immigration consequences of his plea, he would have exercised his constitutional right to trial by jury. Ultimately, Defendant asserted that his judgment was void because he received ineffective assistance of counsel and because his plea was not "willfully, knowingly, or intelligently made."

{6}      Alternatively, Defendant filed a petition for a writ of habeas corpus, seeking to have his sentence vacated and his conviction set aside on the same bases that he was denied effective assistance of counsel and that his plea was not willful, knowing, or

---

the nature of Defendant's argument to the contrary and the absence of the inquiry in the record, we assume this was a typographical error by counsel.

5

voluntary. Defendant alleged a violation of his Sixth and Fourteenth Amendments under the United States Constitution and his Article II, Section 14 rights under the New Mexico Constitution. After a hearing on the matters, the district court issued a ruling, noting that Defendant sought to withdraw his plea and have the judgment set aside on the bases of a violations of Rule 1-060 and Rule 5-303(F)(5).

{7}     In ruling against Defendant, the district court held that: (1) Defendant's claim regarding his lack of knowledge as to the effect of his plea on his immigration status was not credible based upon the transcript of the sentencing hearing; (2) Defendant failed to demonstrate the unconstitutionality of his plea and sentence as "Defendant was present at two recorded hearings where discussion of his guilty plea, and [its] [e]ffect on immigration, was discussed" and "Defendant was notified in court hearings[] . . . heard extensive argument in court hearings that the guilty plea would affect his ability to remain the country"; (3) the record was silent as to a violation of Rule 3-303(F)(5), as portions of the sentencing hearing discussing Defendant's constitutional rights were absent and after the plea was accepted, the district court asked the attorneys to research the immigration consequences, thereby putting Defendant "on notice that his guilty plea could affect his immigration status." Accordingly, the district court denied Defendant's motion for relief from judgment or, in the alternative, his petition for writ of habeas corpus.

6

**{8}** In his brief in chief, Defendant explains that ultimately he voluntarily departed the United States and is currently permanently disallowed entry into the United States. Defendant appeals the district court's denial of his Rule 1-060(B) motion for relief from judgment or sentence, arguing that the district court erred in ruling that Defendant: (1) received adequate translation during the plea hearing, (2) failed to show ineffective assistance of counsel and prejudice under Rule 1-060(B); and (3) failed to establish a Rule 5-303(F)(5) violation.

**DISCUSSION**

**I.    Rule 5-303**

**{9}** Defendant contends that the district court abused its discretion when it ruled that Defendant failed to establish a Rule 5-303 violation. He asserts in this regard that the district court failed to inform him that his plea may have an effect on his immigration status and failed to inquire as to whether defense counsel advised him of the immigration consequences of a plea. In support, Defendant cites to the transcripts of the plea and sentencing hearings and claims that the only inquiry made by the district court during the proceedings was whether he had anything to say during the sentencing hearing. As a result of the claimed error, Defendant maintains that his plea was not willfully, knowingly, and intelligently made, and the plea should be withdrawn and the conviction voided.

7

{10} The State concedes that the district court failed to comply with the requirements of Rule 5-303(F)(5), but argues that this was not the version of the rule in place at the time Defendant entered his plea. The State asserts that Defendant cannot rely on a later version of the rule to void his conviction. It additionally argues that "[a] judgment is void only if the court rendering it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *Classen v. Classen*, 1995-NMCA-022, ¶ 10, 119 N.M. 582, 893 P.2d 478 (emphasis, internal quotation marks, and citation omitted). The State maintains that because federal due process does not require a district court to inform defendants that their pleas may have immigration consequences and because Defendant failed to argue that the New Mexico Constitution should be subject to a varied interpretation, the district court's ruling should be affirmed.

{11} "A motion to withdraw a guilty plea is addressed to the sound discretion of the [district] court, and we review the [district] court's denial of such a motion only for abuse of discretion." *State v. Garcia*, 1996-NMSC-013, ¶ 7, 121 N.M. 544, 915 P.2d 300; *State v. Favela*, 2013-NMCA-102, ¶ 16, 311 P.3d 1213. "The district court abuses its discretion in denying a motion to withdraw a guilty plea when the undisputed facts establish that the plea was not knowingly and voluntarily given." *State v. Paredez*, 2004-NMSC-036, ¶ 5, 136 N.M. 533, 101 P.3d 799 (internal

8

quotation marks and citation omitted). The relevant inquiry is whether Defendant's plea was knowing and voluntary, which requires this Court to examine whether the district court complied with the requirements of Rule 5-303(F)(5). *See Paredez*, 2004-NMSC-036, ¶ 8 ("The procedures established in Rule 5-303 are designed to ensure a guilty plea is made knowingly and voluntarily." (internal quotation marks and citation omitted)). "A denial of a motion to withdraw a guilty plea constitutes manifest error when the undisputed facts establish that the plea was not knowingly and voluntarily given." *Garcia*, 1996-NMSC-013, ¶ 7.

{12} The version of Rule 5-303(F)(5) in place at the time Defendant challenged the proceedings in this case states that the district court shall not accept a guilty plea without first, in open court, informing the defendant that the guilty plea may have an effect upon the defendant's immigration status and determining if "the defendant has been advised by counsel of the immigration consequences of a plea[.]" *Id.* The previous version of Rule 5-303, in effect at the time Defendant entered his plea, stated that the district court "shall not accept a plea of guilty . . . without first, by addressing the defendant personally in open court, informing the defendant of and determining that the defendant understands . . . that, if the defendant is convicted of a crime, it may have an effect upon the defendant's immigration or naturalization status." Rule 5-303(E)(5) NMRA (2001). An examination of the record reveals that at the plea

9

hearing, the district court accepted Defendant's guilty plea, and only *after* accepting the plea inquired as to Defendant's citizenship. Upon discovering that Defendant was not a citizen of the United States, the court asked both defense counsel and the State to research the effects the sentence would have on Defendant's ability to remain in the country.

{13}    Therefore, even under the former version of the rule, the district court failed to comply with the requirement of informing Defendant of and determining if Defendant understood potential effects the plea may have on his immigration status. Failure to advise Defendant of the potential impact of the guilty plea on his immigration status, before the plea is completed, renders Defendant's previously stated guilty plea unknowing and involuntary. *See Garcia*, 1996-NMSC-013, ¶ 23 ("Failure to advise a defendant of the potential penalties presumptively affects defendant's substantial rights and renders the plea unknowing and involuntary."). "An involuntary plea is inconsistent with the constitutional guarantee of due process." *State v. Robbins*, 1967-NMSC-091, ¶ 19, 77 N.M. 644, 427 P.2d 10. Accordingly, we reverse the district court's determination that Defendant failed to establish a violation of Rule 5-303. We remand with instructions to the district court to allow Defendant to withdraw his plea. *See Garcia*, 1996-NMSC-013, ¶ 24 (reversing and remanding to the district court with instructions to allow the defendant to withdraw the guilty plea where the district court

failed to comply with Rule 5-303). Allowing Defendant to withdraw his plea effectively disposes of the other errors claimed on appeal; therefore, we do not reach them herein.

**CONCLUSION**

{14}　For the foregoing reasons, we reverse the decision of the district court and remand for proceedings consistent with this Opinion.

{15}　**IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**