This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**ZOE NAUMAN,**
**Petitioner-Appellee,**
**v.**
**DANIEL CHRISTOPHER PETER MATHER,**
**Respondent-Appellant.**

Docket No. A-1-CA-35569
COURT OF APPEALS OF NEW MEXICO
April 30, 2019

APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY, Matthew J. Wilson, District Judge

**COUNSEL**

Richard S. Lees, P.A., Richard S. Lees, Santa Fe, NM, for Appellee

Law Office of Jane B. Yohalem, Jane B. Yohalem, Santa Fe, NM, for Appellant.

**JUDGES**

J. MILES HANISEE, Judge. WE CONCUR: M. MONICA ZAMORA, Chief Judge, JULIE J. VARGAS, Judge

**AUTHOR:** J. MILES HANISEE

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** The memorandum opinion filed in this case on December 6, 2018, is hereby withdrawn, and this opinion is substituted in its place.

**{2}** Daniel Christopher Peter Mather (Husband) appeals the district court's denial of his motion to set aside the district court's entry of default judgment in favor of Zoe Nauman (Wife) and the district court's subsequent denial of his motion to reconsider. We affirm.

## BACKGROUND

**{3}** On November 17, 2014, Wife petitioned to dissolve her marriage with Husband. In her petition, Wife cited "differences in temperament and outlook" along with "a state of incompatibility" as the bases for dissolution of marriage, then alleged that the marital residence (the Santa Fe residence), along with other unspecified items of property, were her separate property. Regarding the Santa Fe residence, Wife additionally maintained that Husband "refuse[d] to vacate" the premises. In her petition, Wife further sought division of community assets and liabilities, allocation of responsibility for outstanding community obligations, and that the district court "[i]dentify and restore [Wife's] separate property."

**{4}** Husband was served with notice of Wife's petition on November 23, 2014. Husband did not, however, answer Wife's petition, nor did he file any pleading, motion, or other document responsive to the petition in district court. The district court mailed "numerous pleadings" to Husband's home, including notices of hearings and a mediation order. Nonetheless, Husband failed to respond, or to appear for or participate in any proceeding associated with the pending cause of action. Upon Wife's motion, the clerk of the district court certified Husband's default on January 26, 2015.

**{5}** Nearly two months later, on March 17, 2015, Wife filed an application for entry of default judgment against Husband, wherein she submitted a detailed proposal dividing community property, assets, and liabilities. Wife claimed that the Santa Fe residence and certain commercial property in California were her separate property. In thorough detail, Wife proposed division of other items of community property, suggesting among many other things that Husband be provided with three vehicles, computers, and various other items of personal property, and herself with one vehicle and personal items identified as both separate and community property. Wife additionally proposed division of various community liabilities, including a two-million-dollar liability owed to Wife's father for which Wife conceded sole responsibility. She additionally stated her willingness to pay Husband a "lump sum amount of $20,000" as "transitional spousal support" premised upon a portion of the amount being used by Husband to attain a home and to facilitate him moving into it and out of the Santa Fe residence.

**{6}** The district court notified Husband by mail of the hearing on Wife's application for entry of default judgment. Again, Husband did not respond or appear at the hearing. On May 5, 2015, the district court entered a default judgment against Husband and, in its ensuing order, adopted Wife's proposed divisions of property, assets, and liabilities, stating with regard to the largest community liability (the $2,000,000.00 loan from Wife's father) that Wife "shall be solely responsible for the debt to [her father]."

**{7}** Over three months later, on August 25, 2015, Husband filed a motion to set aside the default judgment pursuant to Rule 1-060(B)(1), (4), and (6) NMRA (Motion). As grounds, the Motion contended that the judgment was void under Rule 1-060(B)(4) because Husband had not been properly served pursuant to Rule 1-004 NMRA (2012), in violation of his constitutional right to due process. Husband's Motion also argued that

his not having responded to or participated in the lawsuit was a product of excusable neglect under Rule 1-060(B)(1) based upon what Husband contended were ongoing settlement negotiations and personal medical issues. As well, Husband contended that "[e]nforcement of the default judgment would be unjust in the extreme" based primarily upon his contention that the default judgment required—which it did not[1]—that husband "pay back an alleged $2,000,000.00 loan while [Wife] keeps all the parties['] major assets as her sole and separate property." Lastly, Husband argued that before it could adopt Wife's proposals regarding the division of community assets and liabilities, the district court was required to hold an evidentiary hearing because what Husband identified to be the "damages" sought by Wife were "unliquidated" in nature. The district court denied Husband's Motion as well as Husband's motion to reconsider the district court's denial of the Motion. Husband appealed.

## DISCUSSION

**{8}** On appeal, Husband argues: (1) the district court's entry of default judgment, including the manner in which it determined ownership and division of property, was inconsistent with due process of law and therefore void under Rule 1-060(B)(4); and (2) the district court abused its discretion in refusing to find that "extraordinary circumstances" existed to justify setting aside the default judgment under Rule 1-060(B)(6). We consider each of Husband's arguments in turn.

## I.      The District Court's Default Judgment Was Appropriate

**{9}** In the district court, Husband's sole contention under Rule 1-060(B)(4), and only basis for alleging a due process violation to support voiding the judgment, was that he was not served with Wife's petition for divorce. Specifically, Husband argued that "[s]ervice of process did not meet the requirements of Rule 1-004[] NMRA . . . , and therefore violated [Husband's] constitutional right to due process." He concluded his argument under Rule 1-060(B)(4) by stating only that "it is clear that [Husband] was not properly served with process, and had no actual notice of the action pending against him. Thus, the default judgment is void, and must be set aside[.]" Had Husband indeed not been properly served, the district court would have erred in denying Husband's Motion. *See Classen v. Classen*, 1995-NMCA-022, ¶ 13, 119 N.M. 582, 893 P.2d 478 ("If service did not meet due process standards, the judgment is voidable at any time under [Rule] 1-060(B)(4)."). However, in its order denying Husband's Motion, the district court expressly found that "[Husband] was properly served[,]" a finding that Husband does not challenge on appeal.

**{10}** Abandoning his argument that the judgment was void for lack of proper notice by service of process, Husband now advances an altogether different argument as to how

---

[1] Husband conceded in his reply to Wife's response to his Motion that his attorney "misread the default judgment" and that his responsibility for shared liabilities "except the alleged [$2,000,000.00] loan." He nonetheless contended that there was no proof that the loan had in fact been made and that the liability wrongly contributed to the default judgment's conclusion that "all the major assets of the parties are [Wife's] sole and separate property."

the district court's entry of default judgment violated due process. Husband contends that the district court acted in a manner inconsistent with due process of law by "fail[ing] to engage in the reasoned and impartial decision[ ]making based on evidence required by the Due Process Clause." According to Husband, "[t]he record was completely devoid of information about the circumstances or finances of" Husband and Wife, thereby rendering the district court's entry of judgment based on Wife's proposed distribution of property, contained in her proposed decree of dissolution of marriage, in violation of his due process. Specifically, Husband contends that "[t]he wholesale adoption by the court of a property determination and division prepared by [Wife] without putting [Wife] to . . . her proof abdicates the essential rule of the court as the fact[-]finder and impartial decision maker."

## A.    Standard of Review

{11}    "Generally, the grant or denial of relief pursuant to [Rule] 1-060(B) is a matter within the discretion of the trial court, and our review is limited to the question of whether there has been an abuse of that discretion." *Classen*, 1995-NMCA-022, ¶ 10. In the context of Rule 1-060(B)(4), however, "discretion has no place[,]"and "[i]f the underlying judgment is void, it must be set aside." *Classen*, 1995-NMCA-022, ¶ 10. "A judgment is void only if the court rendering it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *Id.* (emphasis, internal quotation marks, and citation omitted).

## B.    Procedural Due Process Principles

{12}    "The essence of due process is notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *State ex rel. Children, Youth & Families Dep't v. Maria C.*, 2004-NMCA-083, ¶ 26, 136 N.M. 53, 94 P.3d 796 (internal quotation marks and citation omitted). "Procedural due process is ultimately about fairness, ensuring that [an affected party] is notified about a proposed government action and afforded the *opportunity* to make its voice heard before that action takes effect." *Rayellen Res., Inc. v. N.M. Cultural Props. Review Comm.*, 2014-NMSC-006, ¶ 28, 319 P.3d 639 (emphasis added). Whether due process has been afforded focuses on the nature and appropriateness of the opportunities to be heard that are provided in light of the facts and circumstances of a given case. *See Mills v. N.M. State Bd. of Psychologist Exam'rs*, 1997-NMSC-028, ¶ 14, 123 N.M. 421, 941 P.2d 502 (listing procedural protections that due process "*could* encompass[,]" including "the *opportunity* to orally present a case[,] . . . the *opportunity* to present evidence and witnesses[,] . . . [and] the *opportunity* to cross-examine witnesses" (emphasis added)); *Buffington v. McGorty*, 2004-NMCA-092, ¶ 30, 136 N.M. 226, 96 P.3d 787 (holding that in the context of Rule 1-053.2 NMRA domestic relations proceedings, due process requires that "the parties be given an *opportunity* to submit objections to a [domestic relations] hearing officer's report and recommendations" and "be heard by a judicial officer" (emphasis added)). Indeed, "[p]rocedural due process is a flexible right[,] and the amount of process due depends on the particular circumstances of each case." *Sandia v. Rivera*, 2002-NMCA-057, ¶ 10, 132 N.M. 201, 46 P.3d 108 (internal quotation marks and citation omitted);

*see Buffington*, 2004-NMCA-092, ¶ 31 (explaining that "[t]he nature of the hearing and review to be conducted by the district court *will depend* upon the nature of the objections being considered" (emphasis added)).

**{13}** Additionally, "[p]rocedural due process requires a fair and impartial hearing before a trier of fact who is disinterested and free from any form of bias or predisposition regarding the outcome of the case." *N.M. Bd. of Veterinary Med. v. Riegger*, 2007-NMSC-044, ¶ 27, 142 N.M. 248, 164 P.3d 947 (internal quotation marks and citation omitted). "The inquiry is not whether the [fact-finder is] actually biased or prejudiced, but whether, in the natural course of events, there is an indication of a possible temptation to an average person sitting as a judge to try the case with a bias for or against any issue presented to him or her." *Id.* (alterations, internal quotation marks, and citation omitted).

## C.    Analysis

**{14}** The fatal aspect of Husband's argument is its failure to acknowledge that the district court's "wholesale adoption" of Wife's proposed distribution of property was occasioned by Husband's own failure to participate in the proceedings, despite having notice of both Wife's petition for divorce *and* Wife's application for default judgment and final decree of dissolution of marriage. Moreover, Husband ignores that the district court, in fact, scheduled and held a hearing on May 4, 2015, on Wife's petition for default judgment and final decree of dissolution of marriage of which Husband was notified by the court and did not attend. At the hearing, Wife submitted for the district court's consideration a signed schedule of assets and liabilities that Wife's counsel described as "consistent with the decree." Only after reviewing Wife's proposed final decree and affidavit did the district court sign the default judgment and final decree of divorce.

**{15}** Husband offers no argument as to how requiring additional procedural safeguards—i.e., requiring the district court to conduct a full evidentiary hearing in order to put Wife to her proof—would have reduced the risk of an erroneous deprivation. *See Sandia*, 2002-NMCA-057, ¶ 11 (explaining that we "evaluate the risk of an erroneous deprivation of the private interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards" (alteration, internal quotation marks, and citation omitted)). Nor does Husband explain how the district court's failure to hold a full-blown evidentiary hearing in his absence somehow "indicat[es] a possible temptation" by the district court to decide the issue of how to equitably divide the parties' property "with bias for or against any issue presented to [it]" as would be necessary to implicate due process. *See Riegger*, 2007-NMSC-044, ¶ 27. It is undisputed that Husband failed to respond to Wife's petition for divorce. As a result, he was found to be in default. The district court sent notice of the hearing on Wife's petition for default judgment and final divorce decree to Husband's address of record. Husband did not appear at the hearing yet now complains that in his unexcused absence, the district court was required to do more than consider the evidence before it, including Wife's affidavit. We conclude that Husband has failed to establish that the district court's entry

of default judgment was void as a matter of law for failure to afford Husband due process.

## II. The District Court Did Not Abuse Its Discretion in Refusing to Set Aside the Default Judgment Under Rule 1-060(B)(6)

**{16}** Husband next argues that the district court "[i]gnore[d] or [o]verlooked" the extraordinary circumstances in this case and "abused its discretion as a matter of law" by failing to grant him relief from the default judgment under Rule 1-060(B)(6). We disagree.

**{17}** "A party seeking relief from a default judgment must show the existence of grounds for opening or vacating the judgment and a meritorious defense or cause of action." *Rodriguez v. Conant*, 1987-NMSC-040, ¶ 18, 105 N.M. 746, 737 P.2d 527. "Upon such a showing, the district court has the discretionary authority to set aside the judgment." *Id.* "On appellate review, [the district court's] ruling will not be set aside except for an abuse of that discretion." *Id.* To reverse a district court's ruling under Rule 1-060(B)(6) as an abuse of discretion, "it must be shown that the court's ruling exceeds the bounds of all reason or that the judicial action taken is arbitrary, fanciful, or unreasonable." *Meiboom v. Watson*, 2000-NMSC-004, ¶ 29, 128 N.M. 536, 994 P.2d 1154 (omission, internal quotation marks, and citation omitted).

**{18}** Rule 1-060(B)(6) permits relief from final judgment for, in addition to the more specific provisions set forth in Rule 1-060(B)(1)-(5), "any other reason justifying relief from the operation of the judgment[.]" "We have stated that Rule 1-060(B)(6) is designed to apply only to exceptional circumstances, which, in the sound discretion of the trial judge, require an exercise of a reservoir of equitable power to assure that justice is done." *Martinez v. Friede*, 2004-NMSC-006, ¶ 20, 135 N.M. 171, 86 P.3d 596 (internal quotation marks and citation omitted), *superseded by rule on other grounds as stated in State v. Moreland*, 2008-NMSC-031, ¶ 11, 144 N.M. 192, 185 P.3d 363. "[P]arties seeking relief under Rule 1-060(B)(6) must demonstrate the existence of exceptional circumstances and reasons for relief other than those set out in Rule 1-060(B)(1)[-](5)." *Meiboom*, 2000-NMSC-004, ¶ 33 (internal quotation marks and citation omitted). A district court does not abuse its discretion in denying a motion to set aside a judgment under Rule 1-060(B)(6) when the moving party "fail[s] to satisfy the requirements for relief under" that rule. *See Meiboom*, 2000-NMSC-004, ¶ 30.

**{19}** Husband contends that the following circumstances comprise exceptional circumstances requiring that the default judgment be set aside under Rule 1-060(B)(6) "as a matter of equity": (1) the "admittedly large" value of the parties' assets that was divided via the default judgment under the final decree of dissolution of marriage; (2) that Wife and Wife's attorney failed to specifically inform Husband, or Husband's attorney from a prior proceeding, of the scheduled default judgment hearing; and, (3) "the complete failure of Wife's counsel to offer any evidentiary support for the characterization and division of property proposed by Wife[,]" which Husband describes

as "itself extraordinary." We consider each of Husband's arguments, though we do not follow Husband's order of presentation.

**{20}** We first address Husband's contention that Wife's and Wife's attorney's failures to personally and specifically notify him of the default judgment hearing constitutes an exceptional circumstance requiring that the default judgment be set aside. According to Husband, "[t]he conclusion that Wife and Wife's counsel took advantage of Husband's illness and confusion[,] making sure to stay in contact with him[] but not to tell him about the litigation[] until the default judgment was actually entered[,] is hard to avoid." We disagree, and our review of the record indicates that such a conclusion is, in fact, unsupportable, not unavoidable. The district court's order denying Husband's motion to set aside default judgment expressly found the following:

> 3.　　[Husband] was served with the [s]ummons and [Wife's petition for divorce] on November 23, 2014. . . . [Husband] refused to open the door [for the process server] to take delivery of the papers and instructed [the process server] to leave the documents at the door.

> 4.　　After November 23, 201[4,] the [district c]ourt sent numerous pleadings captioned in the case to [Husband] at the address of his residence[.] . . . The [district c]ourt's correspondence was found opened and in the residence when [Wife] re-took possession of the residence.

> 5.　　[Husband] was aware of the judicial proceedings brought against him by [Wife].

> 6.　　[Husband] chose not to participate in the proceedings.

Husband does not challenge any of these findings, meaning they are binding on this Court. *See Stueber v. Pickard*, 1991-NMSC-082, ¶ 9, 112 N.M. 489, 816 P.2d 1111 (explaining that an unchallenged finding of the district court is binding on appeal). Husband's unsupported contention that "Wife and Wife's counsel took advantage of him" simply cannot be reconciled with the district court's unchallenged factual findings that Husband did not participate in the proceedings by his own choosing, *not* because of any nefarious actions by Wife or Wife's attorney. We reject Husband's argument that the default judgment must be set aside on this basis.

**{21}** We likewise summarily reject Husband's conclusory assertions regarding Wife's counsel's "failure" to submit "evidentiary support"—such as tax returns or an accounting—to justify Wife's proposed distribution of property. Husband cites no legal authority for such a requirement in a circumstance such as he created by his systemic non-participation in court proceedings and fails to develop any principled analysis of his bald claim that Wife's counsel's handling of the default judgment proceedings, particularly the May 4 hearing, "is itself an extraordinary circumstance." We, therefore, consider that argument no further. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or

guess at what [a party's] arguments might be."); *ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (explaining that this Court will not consider propositions that are unsupported by citation to authority).

**{22}** Finally, we reject Husband's claim that the "large" value of the parties' assets itself somehow necessitates setting aside the default judgment. Citing *Springer Corp. v. Herrera*, 1973-NMSC-057, ¶ 12, 85 N.M. 201, 510 P.2d 1072, *overruled on other grounds by Sunwest Bank of Albuquerque v. Rodriguez*, 1989-NMSC-011, ¶ 12, 108 N.M. 211, 770 P.2d 533, and *Rodriguez v. Conant*, 1987-NMSC-040, ¶ 22, 105 N.M. 746, 737 P.2d 527, Husband argues that New Mexico case law "provide[s] that 'claims for large sums of money should not be determined by default judgments if they can be reasonably be avoided.' " Beyond reciting this general proposition of law and referring to portions of the record establishing the value of some of the parties' assets, Husband does nothing more than complain that "[t]he district court's adoption of Wife's proposed decree left Husband and his son destitute." Given the district court's aforementioned, unchallenged findings that Husband was aware of the divorce proceedings and *chose* not to participate, it can hardly be said that the district court's entry of default judgment could have been reasonably, if at all, avoided and therefore fails to conform with the general principle established in *Springer*, or that its refusal to set aside that judgment based on Husband's Motion constitutes an abuse of discretion.

**{23}** On the record and arguments before us, we conclude that Husband has failed to demonstrate that the district court abused its discretion by refusing to set aside the default judgment under Rule 1-060(B)(6).

**CONCLUSION**

**{24}** For the foregoing reasons, we affirm the district court's denials of Husband's Motion and his motion for reconsideration.

**{25}  IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**JULIE J. VARGAS, Judge**