This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39789**

**KERRY KRUSKAL,**

      Plaintiff-Appellant,

v.

**TAOS SKI VALLEY, GORDON
BRINER, and JOHN KELLY,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY
Emilio J. Chavez, District Judge**

Kerry Kruskal
Arroyo Seco, NM

Pro Se Appellant

McClaugherty & Silver, P.C.
Joe L. McClaugherty
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}** Plaintiff, a self-represented litigant, seeks to appeal from the district court's order denying his Rule 1-060(B)(1) NMRA motion to reopen the judgment and his motion to reconsider that denial. We issued a notice proposing to summarily affirm. Plaintiff has filed a memorandum opposing our proposed disposition. We remain unpersuaded and affirm.

**{2}** In our notice, we construed the district court's findings to support the result and proposed to hold that while Plaintiff may have been able to establish that he did not

consent to electronic service, affirmance of the denial of Rule 1-060(B) relief nevertheless seemed appropriate. [CN 2-3] *See Sheraden v. Black*, 1988-NMCA-016, ¶ 10, 107 N.M. 76, 752 P.2d 791 ("Findings are to be liberally construed in support of a judgment."); *State ex rel. Martinez v. Lewis*, 1993-NMCA-063, ¶ 66, 116 N.M. 194, 861 P.2d 235 (stating that it is a "settled rule that findings are construed in favor of the judgment and not construed to overturn it"); *id.* ¶ 53 (stating that a refusal to make certain findings that might otherwise constitute error "is not error because a trial court is not required to make findings on matters that would not affect the ultimate disposition of the case"); Rule 1-005.2(C) NMRA ("Any document required to be served by Rule 1-005(A) may be served on a party or attorney by electronic transmission of the document if the party or attorney has agreed to be served with pleadings or papers by electronic mail."). Among other reasons, we proposed to affirm on grounds that Plaintiff had actual notice of the judgment and did not timely file a notice of appeal along with a motion to seek an extension of time to file an appeal when he could have done so, having discovered the entry of the final order within sixty days after its entry, which would make an extension possible and likely under Rule 12-201(E)(1), (3), and (5) NMRA. [CN 3-4]

**{3}** In response to this proposed analysis, Plaintiff contends that counting from the date he was on notice of the final judgment, he would have had one week to file the notice of appeal and motion for extension of time, and one week is not enough for a pro se litigant "to digest the rules." [MIO 3] "Although pro se pleadings are viewed with tolerance, a pro se litigant is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Camino Real Env't Ctr., Inc. v. N.M. Dep't of Env't*, 2010-NMCA-057, ¶ 21, 148 N.M. 776, 242 P.3d 343 (omission, internal quotation marks, and citation omitted). Plaintiff also claims that he did not file his appeal upon discovering entry of the final order because he wanted to discuss it with the judge's assistant. [MIO 2] Neither of these contentions contain a recognized excuse for neglecting to file a notice of appeal and extension for filing the notice of appeal within the time for doing so.

**{4}** Also in Plaintiff's memorandum opposing affirmance, he appears to contend that the time for filing an appeal does not begin to run until the district court demonstrates that Plaintiff was properly served with the final judgment. [MIO 1-2] By Plaintiff's logic, a notice of appeal would not yet be due from the 2018 order, despite his actual knowledge of its entry, if the district court never sent the order to him by mail. Plaintiff also seems to argue in the alternative that the time for filing an appeal begins to run from the time he got notice of the final judgment. [MIO 1-2] Plaintiff does not refer us to any authority to support these theories, and they are inconsistent with the language of Rule 12-201(A)(1)(b), which states: "A notice of appeal shall be filed . . . within thirty (30) days after the judgment or order appealed from *is filed in the district court clerk's office*." (Emphasis added.) *Compare* Rule 12-201(A)(1)(b) (providing that the time for filing a notice of appeal is triggered by the *filing* of the judgment in the district court clerk's office), *with* Rule 12-201(B)(1) (providing that the time for filing a notice of cross-appeal is triggered by the *service* of the first notice of appeal). *Cf. Classen v. Classen*, 1995-NMCA-022, ¶¶ 8-13, 119 N.M. 582, 893 P.2d 478 (holding that a judgment procured by improper service of process was void under Rule 1-060(B)(4) for want of personal

jurisdiction or for other violation of due process). Plaintiff states that he is arguing for a "special excusable neglect," which he does not define or support with citation to authority. [MIO 1] In the absence of citation to supporting authority, we need not consider these contentions further. *See ITT Educ. Servs., Inc. v. N.M. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (refusing to consider a proposition that was unsupported by citation to authority).

**{5}** Underpinning Plaintiff's arguments is his contention that he should not be penalized for filing an untimely appeal where it resulted from court error. However, even assuming Plaintiff is correct that the delay in filing a notice of appeal past the thirty-day period in Rule 12-201(A)(1)(b) was the result of court error, this would have been a reason to grant an extension to file a notice of appeal; court error does not explain Plaintiff's delay in filing a motion for an extension and a notice of appeal under Rule 12-201(E)(3) and (5) after he became aware of the final order. *See* Rule 12-201(E)(3) (stating that a motion for extension of time "filed within thirty (30) days after the expiration of the time otherwise prescribed by this rule for filing the notice of appeal . . . may be granted on a showing of excusable neglect or circumstances beyond the control of the appellant"); Rule 12-201(E)(5) ("A party that has filed a motion for extension of time must file a notice of appeal within thirty (30) days after the expiration of the time otherwise prescribed by this rule for filing the notice even if the motion for extension of time remains pending. The district court may grant the motion retroactively."). Our Supreme Court has stated that "[Rule] 1-060(B) should not be used as a substitute for appeal nor as a means of circumventing the appeals process." *Resolution Tr. Corp. v. Ferri*, 1995-NMSC-055, ¶ 9, 120 N.M. 320, 901 P.2d 738.

**{6}** Also, even assuming Plaintiff could properly use Rule 1-060(B)(1) as a means of exercising the right to appeal, we cannot say the district court abused its discretion by denying his motion for relief on the grounds of excusable neglect because we see no showing in the record to explain Plaintiff's failure to timely file a motion for extension of time along with a notice of appeal; nor does the record show any excuse provided by Plaintiff for his failure thereafter to diligently pursue his efforts to appeal under Rule 1-060(B), given that the case was inexplicably inactive for a year after filing the motion. *See Kinder Morgan CO2 Co., L.P. v. N.M. Tax'n & Revenue Dep't*, 2009-NMCA-019, ¶ 9, 145 N.M. 579, 203 P.3d 110 (stating that we review a district court's determination under Rule 1-060(B)(1) as to whether neglect was excusable for abuse of discretion, which asks whether the decision was "clearly untenable or not justified by reason" or "arbitrary, fanciful, or unreasonable" (internal quotation marks and citations omitted)).

**{7}** For the reasons stated above and in our notice, we affirm the district court's orders denying Plaintiff's motion to reopen the judgment.

**{8}     IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**